**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02906-CMA-MJW (Consolidated for all purposes with
Civil Action No. 13-cv-03410-CMA-MJW)

VANESSA STOCKMAR,

    Plaintiff,

v.

COLORADO SCHOOL OF TRADITIONAL CHINESE MEDICINE, INC.,
a Colorado corporation,

    Defendant.

---

**ORDER GRANTING MOTION TO CONSOLIDATE CASES**

---

This matter is before the Court on Plaintiff's Motion to Consolidate Cases.  (Case No. 13-cv-02906-CMA-MJW, Doc. # 16.)  For the reasons discussed below, the Court grants the motion.

### I. BACKGROUND

Both cases proposed for consolidation raise Title VII gender discrimination and retaliation claims against the same Defendant, the Colorado School of Traditional Chinese Medicine ("CSTCM"), for events largely caused by another CSTCM employee, Vladimir Dibrigida.  In the first case filed, Plaintiff Vanessa Stockmar, a former CSTCM employee, alleges that Dibrigida engaged in sexually harassing behavior that gives rise to a Title VII gender discrimination claim.  Plaintiff Stockmar further alleges that CSTCM terminated her employment after she filed a complaint with the EEOC, which she alleges to give rise to a Title VII retaliation claim.  (Case No. 13-cv-02906-CMA-MJW,

Doc. # 6 at 6-7.)  In the second case, Plaintiff Tanya Carleton, another CSTCM employee, alleges the same Title VII gender discrimination and retaliatory discharge claims against CSTCM for the same type of sexual harassment and retaliatory termination.  (Case No. 13-cv-03410-CMA-CBS, Doc. # 6 at 1, 3-5, 10-12.)

Both Plaintiffs filed their complaints with this Court in late 2013.  Plaintiff Carleton, upon knowledge of Plaintiff Stockmar's similar case, filed a motion to consolidate her case with Plaintiff Stockmar's.  (Case No. 13-cv-02906-CMA-MJW, Doc. # 16.)  Plaintiff Stockmar does not oppose this motion.  (*Id.* at 2.)  Defendant did not directly respond to the motion filed in Case No. 13-cv-02906, but it appears Defendant attempted to respond to the motion by filing in Case No. 13-cv-03410 a pleading entitled "Defendant's Confession of Plaintiff's Motion to Consolidate."  *See* (Case No. 13-cv-03410-CMA-CBS, Doc. # 13.)  This Court interprets Defendant's "confession" to indicate that it does not oppose the motion to consolidate.

## II. LAW AND ANALYSIS

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).[1]

---

[1] The district judge to whom the oldest numbered case involved in the proposed consolidation is assigned determines whether consolidation is proper.  *See* D.C.COLO.LCivR 42.1.

This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)).  The decision whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

For a number of reasons, common questions of law and fact predominate in these two cases such that consolidation is appropriate and efficacious.  First, both cases share a common defendant.  Second, both cases present nearly identical and overlapping fact patterns giving rise to alleged employment discrimination:  in particular, both Plaintiffs claim Dibrigida made sexually explicit comments regarding women's body parts, described sexual encounters in explicit detail while at work, and spoke to both about the sexual dreams he had about CSTCM employees (including the Plaintiffs). (Case No. 13-cv-02906-CMA-MJW, Doc. # 6 at 2-6, Case No. 13-cv-03410-CMA-CBS, Doc. # 6 at 3-9.)   Third, both Plaintiffs allege they were fired because they filed claims under Title VII with the EEOC.  (Case No. 13-cv-02906-CMA-MJW, Doc. # 6 at 5-6, Case No. 13-cv-03410-CMA-CBS, Doc. # 6 at 10.)

### III. CONCLUSION

THEREFORE, IT IS ORDERED as follows:

1. That Plaintiff's Motion to Consolidate (Case No. 13-cv-02906-CMA-MJW, Doc. # 16) is GRANTED;

2.  That pursuant to D.C.COLO.LCivR 42.1, Civil Action No. 13-cv-03410-CMA-CBS is REASSIGNED to Judge Christine M. Arguello and Magistrate Judge Michael J. Watanabe, and shall bear Civil Action No. 13-cv-03410-CMA-MJW;

3.  That pursuant to Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, Civil Action No. 13-cv-03410-CMA-MJW is CONSOLIDATED with Civil Action No. 13-cv-02906-CMA-MJW for all purposes;

4.  That all future filings in these consolidated actions shall be captioned as set forth above.

DATED:  May  22 , 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge